Filed 12/6/24  P. v. Rivas CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MAURICIO RIVAS,<br><br>    Defendant and Appellant. | B335934<br><br>(Los Angeles County<br>Super. Ct. No. PA083777) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying defendant and appellant Mauricio Rivas's petition for resentencing brought under Penal Code section 1172.6 (former § 1170.95). We affirm.

## BACKGROUND

Following a jury trial in 2017, defendant was found guilty of one count of murder (Pen. Code, § 187, subd. (a); count 1), and one count of premeditated attempted murder (§ 187, subd. (a), § 664; count 2). The jury found true gang and principal firearm use allegations (§ 186.22, § 12022.53, subds. (b)–(e)(1)). In a bifurcated proceeding, the court found true that defendant had suffered a prior conviction for a serious or violent felony within the meaning of the "Three Strikes" law (§ 667, subds. (b)–(j), § 1170.12) and had served a prior prison term (§ 667.5, subd. (b)).

The court sentenced defendant as follows: 25 years to life on count 1, doubled due to the strike, plus a consecutive term of 25 years for the firearm enhancement; a consecutive term of seven years to life on count 2, doubled due to the strike, plus a consecutive term of 25 years for the firearm enhancement. The court imposed and stayed gang enhancements on both counts. The record does not reflect imposition of sentence on the prison prior.

In 2019, we affirmed defendant's conviction and remanded to the superior court for a resentencing hearing, directing the court to strike the gang enhancement, to recalculate custody credits and to exercise its sentencing discretion pursuant to changes effected by the passage of Senate Bill No. 1393 (2017–2018 Reg. Sess.) during the pendency of that prior appeal. (*People v. Espinoza* (Aug. 15, 2019, B288107) [nonpub. opn.].)

In 2020, defendant filed in propria persona a petition for resentencing pursuant to Penal Code section 1172.6. The court appointed counsel. The People filed a brief in opposition to resentencing. The court issued an order to show cause and held an evidentiary hearing at which no additional evidence was offered or admitted. The court found defendant was a direct aider and abettor and was not eligible for resentencing. Defendant filed a timely notice of appeal.

To provide context only, we briefly recite the facts of the events underlying the murder and attempted murder convictions.

On the night of January 22, 2015, Maria G. was working in her food truck with her employee, Sandra G. The truck was parked in North Hills, at an intersection flanked by the territories of several neighborhood gangs. Sometime around 9:45 p.m., three young men approached Maria's truck and started talking in Spanish to customers standing at the order window. They demanded the customers lift up their shirts and show whether they had tattoos on their chests, asking "are you *Lenguas*?" *Lengua* was a slang term for a member from the Langdon street gang. (*People v. Espinoza, supra*, B288107.)

Maria heard one of the men say the word Columbus (a reference to another neighborhood gang) but she did not hear exactly what was said. The three Hispanic males walked off in the direction of another food truck parked a short distance away, where they made similar demands to customers there. Within a few minutes, Sandra and Maria heard multiple gunshots. (*People v. Espinoza, supra*, B288107.)

Carlos M., a 14-year-old member of the Langdon gang, was shot in the leg. Bryan Henriquez, also known as *Payaso*, was fatally wounded. After the shooting, Carlos exchanged messages

3

with another friend through his Facebook account saying he had been shot by Columbus Street gang members. (*People v. Espinoza, supra*, B288107.)

Defendant and his codefendant Jose Espinoza were members of the Columbus gang. (*People v. Espinoza, supra*, B288107.) Testimony, including from Espinoza's former girlfriend, established that defendant and Espinoza were two of the men involved in the shooting that night. (*Ibid*.)

We appointed counsel to represent defendant on this appeal. Counsel filed a no-issue brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, contending this court is obliged to review the order denying resentencing under *Wende* because the trial court appointed counsel to represent defendant at an evidentiary hearing. *Delgadillo*, *supra*, 14 Cal.5th at pages 226–232 makes clear that is *not* the law—such review is discretionary.

Counsel advised us he told defendant he may file his own supplemental brief within 30 days. Counsel sent defendant transcripts of the record on appeal as well as a copy of the brief. Counsel also advised defendant "that this court may dismiss the appeal as abandoned if he does not avail himself of the right to file a supplemental brief within 30 days." Counsel stated he remained available to brief any issues requested by this court.

Defendant filed a supplemental brief in which he argues that Curtis Leftwich, his appointed counsel, did not explain Penal Code section 1172.6 properly and did not tell him he could offer new evidence. Defendant also contends that Hailey Singh, the deputy district attorney who opposed his petition, misstated facts about what the trial evidence showed, cited only hearsay and circumstantial evidence in briefs, failed to call two key witnesses

to testify at trial, and the evidence at trial, and relied upon at the evidentiary hearing, did not show aiding and abetting.

We decline to grant appellant's request for judicial notice of the trial court record in *People v. Espinoza, supra,* B288107.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis of liability for murder. It also limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The intent of Senate Bill No. 1437 is "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.) Petitions for resentencing under Penal Code section 1172.6 allow defendants to seek review of convictions where the defendant was not the shooter but was held vicariously liable on one of several theories of liability identified in the statute.

*Lewis* held that "petitioners who file a complying petition are to receive counsel upon the filing of a compliant petition." (*Lewis, supra*, 11 Cal.5th at p. 963.) If the record establishes ineligibility for resentencing as a matter of law, the trial court may deny the petition. (*Id.* at pp. 970–972.) However, the petition and record must establish conclusively that the defendant is " 'ineligible for relief.' " (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

After appointment of counsel, the trial court assesses whether a prima facie case for relief has been made. However, the prima facie inquiry is limited. (*Lewis, supra*, 11 Cal.5th at p. 971.) In assessing whether a defendant has made a prima

5

facie case for relief pursuant to Penal Code section 1172.6, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Lewis*, at pp. 971–972.) If the court finds a prima facie case, an order to show cause issues and an evidentiary hearing is held, at which the trial court sits as an independent factfinder. (§ 1172.6, subds. (c) & (d).)

Here, the trial court appointed counsel, issued an order to show cause, held an evidentiary hearing and found defendant was not entitled to relief.

An appeal from a postjudgment petition for resentencing under Penal Code section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed by the trial court; it is not another opportunity to challenge the original judgment on other grounds. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) We may not consider defendant's claims of errors that occurred during the 2017 trial in this appeal.

Defendant appears to suggest he was denied the effective assistance of counsel at the evidentiary hearing, asserting he was not told he could present new evidence. But at the start of the hearing, the court specifically confirmed with defendant that he understood the hearing was going to proceed without the presentation of new evidence or any testimony from defendant. Defendant affirmed that was the case. He did not speak up at that time and tell the court he was never told new evidence could be presented. Defendant has not established any viable claim for ineffective assistance.

We decline to exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232 ["The filing of a supplemental brief or letter does not

6

compel an independent review of the entire record to identify unraised issues."].)

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


WILEY, J.